

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
arussell@shawkeller.com

February 14, 2020

**VIA CM/ECF and HAND DELIVERY**
The Honorable Maryellen Noreika
United State District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3570

Re:  *Rothschild Digital Confirmation, LLC v. Acumatica, Inc.*, C.A. No. 19-1108-MN (Consol.)

Dear Judge Noreika:

    I write on behalf of defendants Acumatica, Inc., CompanyCam, Inc., and TeamConnect, LLC in the above-captioned action to identify the single most similar case to the claims at issue in advance of the upcoming § 101 hearing.  (*See* D.I. 15).  The Federal Circuit case that most clearly mandates that the claims of U.S. Pat. No. 7,456,872 (the '872 Patent) are invalid under Section 101 is *TLI Communs. LLC v. AV Auto., L.L.C.*, 823 F.3d 607 (Fed. Cir. 2016).

    In *TLI Communs.*, as here, "the invention teaches manually or automatically assigning 'classification data,' such as a date or timestamp, to digital images and sending those images to a server.  The server then extracts the classification data and stores the digital images, 'taking into consideration the classification information.'"  *TLI Communs.*, at 610; *see also* '872 Patent, 1:22-29, 16:55-17:8.  In *TLI Communs.*, as here, the claims "are directed to the use of conventional or generic technology in a nascent but well-known environment[.]"  *TLI Communs.*, at 612.  Indeed, the '872 Patent employs the terms "standard" and "conventional" at least twenty (20) times to describe the ideas embodied in its claims.  *See, e.g.*, '872 Patent at 3:55; 5:54-63; 6:4-9; 6:32-35; 7:32-38; 7:46-49; 9:48-51, 11:28-35; 11:57-60, 12:30-35; 13:58-61; 14:50-58, 15:3-4.

    As in *TLI Communs.*, the claims are generic-squared.  That is, the claims fail to even limit themselves to generic devices (e.g., a camera or mobile phone), but instead merely employ "modules" to describe the claimed devices (e.g., "modules" for capturing and "modules" for processing).  Thus, the claims are unmoored to even the most basic technology, and instead claim the generic-upon-generic "modules".  *See TLI Communs.*, at 615 (discussing the "units" terms in the same manner as the "modules" terms operate in the '872 Patent).

    Finally, as in *TLI Communs.*, the claims of the '872 Patent are drawn to patent ineligible subject matter and should be dismissed at the Rule 12 stage.

                                              Respectfully submitted,

                                              /s/ Andrew E. Russell

cc:    Clerk of the Court (CM/ECF)
All Counsel of Record (via CM/ECF)        Andrew E. Russell (No. 5382)