IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROTHSCHILD DIGITAL CONFIRMATION, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 19-1108-MN ) |
| MIZE, INC., *et al*, | ) **CONSOLIDATED** ) |
| Defendants. | ) ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of March 27, 2020, the parties submit the following joint status report.

1. On March 11, 2020, the Court heard oral arguments on the motions to dismiss filed by Defendants CompanyCam, Inc., TeamConnect, LLC, Field Agent, Inc., and Terrago Technologies, Inc. All of the Defendants that filed motions to dismiss have since been dismissed from the consolidated case voluntarily or by stipulation. There are no other claims pending in the suit other than those based on infringement of the patent in suit.

2. On April 2, 2020, the parties filed a protective order in this case.

**Plaintiff's Position**

3. Rothschild Digital Confirmation, LLC ("RDC") asserts that the remaining Defendants – Mize, Inc., Replicon Software, Inc. ("Replicon"), and Epay Systems, Inc. – remain in the case because they did not file motions to dismiss and that discovery will establish that the patent at issue is valid under the patent statute, including pursuant to 35 U.S.C. § 101.

4. According to the Scheduling Order (D.I. 22), RDC shall produce initial claim contentions on April 24, 2020.

5. On June 26, 2020, initial invalidity contentions are due from the remaining Defendants.

6. On March 11, 2020, RDC executed and accepted all terms of the settlement agreement revised by Replicon Software, Inc. Accordingly, RDC asserts that the case between Replicon Software, Inc. and RDC is settled.

7. RDC further notes that the Court in *Rothschild Digital Confirmation, LLC, v. Skedulo Holdings, Inc.*, 3:19-cv-02659-JD, Dkt. No. 47 (N.D. Cal. 2019 March 19, 2020) (Ex. A) found the claims of the instant patent to be patent ineligible. However, the Court there asserted that it "cannot say that any amendment would necessarily be futile and leave to amend "when justice so requires" is to be granted with "extreme liberality," Rothschild may file an amended complaint by April 20, 2020." *Id.* at 9 (citation omitted). To that end, RDC is preparing a motion to amend in that case and intends to move to amend the complaints filed in the remaining cases here pursuant to Rule 15.

**Replicon's Position**

8. Replicon disagrees that any binding settlement has been reached. RDC sent Replicon the settlement agreement signed by RDC after the Court announced its decision granting the motions to dismiss. Replicon has not signed the settlement agreement, which expressly provides that it is not binding until it is signed by both parties. Section 11.4 of the agreement states that "This Agreement will not be binding upon the Parties until it has been signed herein below by or on behalf of each Party, in which event, it shall be effective as of the Effective Date."

9. Replicon further asserts that its Complaint (D.I. 19-1601, D.I. 1) is materially the same as the Complaints in the joined cases, which all made essentially the same allegations of infringement of U.S. Patent No. 7,456,872 ("the '872 patent"). This Court held that the '872 patent is invalid under § 101 at oral argument held on defendants' motions to dismiss in the related cases, but before the Court docketed its Order, RDC has caused these actions to be dismissed. Given the Court's invalidity ruling, further prosecution of the action against Replicon is unreasonable as a matter of fact and law. The date by which Replicon would otherwise be required to file a tag-along § 101 motion in response to the Complaint has been set as April 30, 2020. Replicon respectfully requests that, rather than Replicon having to burden the Court with an additional motion, the Court order RDC to show cause why the action against Replicon should not be dismissed with prejudice forthwith.

**Epay's Position**

10. In May 2019, RDC filed a similar lawsuit premised on the same alleged patent-at-issue in the Northern District of California. That case is styled *Rothschild Digital Confirmation, LLC, v. Skedulo Holdings, Inc.*, 3:19-cv-02659-JD (N.D. Cal. 2019). In that N.D. California case, the defendants moved to dismiss on grounds that RDC's claimed invention was invalid under § 101. On March 19, 2020, the Northern District of California found that RDC's asserted claim in that action was invalid and dismissed its complaint. *See Rothschild Digital Confirmation, LLC, v. Skedulo Holdings, Inc.*, 3:19-cv-02659-JD, Dkt. No. 47 (N.D. Cal. 2019 March 19, 2020) (Ex. A). Epay asserts that since both this Court and the Court in the *Skedulo Holdings* case have found the asserted claims of the patent-in-suit invalid, any further proceedings by Plaintiff in this action would be unreasonable.

9433531.1

11.     Defendant Epay Systems, Inc. intends to file, if required, a Motion for Judgment on the Pleadings under Federal Rule Civil Procedure 12(c) arguing that RDC's alleged patent-at-issue is invalid under § 101. This Motion will be premised on the same grounds that this Court and the Court in the *Skedulo Holdings* case already used to find RDC's patent invalid under § 101.

**Mize's Position**

12.     Mize's action (C.A. No. 19-1472) is currently stayed through April 13, 2020, as Mize and RDC were in discussions to resolve their action prior to the Court's Section 101 hearing. Mize agrees that further prosecution of the action against Mize would be unreasonable given the Court's invalidity ruling. If the Court is inclined to order RDC to show cause, Mize respectfully requests that RDC do so promptly, or that Mize's stay be extended pending the Court's subsequent order.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (No. 4606)
Richard Charles Weinblatt (No. 5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com
*Attorneys for Plaintiffs*

*/s/ Andrew E. Russell*
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Andrew E. Russell (No. 5328)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants EPay Systems, Inc.*

9433531.1

|  |  |
|---|---|
| Dated: April 3, 2020 | */s/ Stephanie E. O'Byrne*<br>David Ellis Moore (No. 3983)<br>Stephanie E. O'Byrne (No. 4446)<br>Bindu Ann George Palapura (No. 5370)<br>Tracey E. Timlin (No. 6469)<br>POTTER ANDERSON & CORROON, LLP<br>1313 N. Market St., Hercules Plaza<br>6th Floor<br>P.O. Box 951<br>Wilmington, DE 19899-0951<br>(302) 984-6000<br>bpalapura@potteranderson.com<br>dmoore@potteranderson.com<br>sobyrne@potteranderson.com<br>ttimlin@potteranderson.com<br>*Attorneys for Defendant Mize, Inc. and Replicon Software, Inc.* |

SO ORDERED this _____ day of _____, 2020.

_____
United States District Judge

9433531.1